**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Rodriguez,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-17-01457-PHX-ROS<br><br>**ORDER** |

      On May 11, 2018, Magistrate Judge Deborah M. Fine issued a Report and Recommendation ("R&R") recommending the petition for writ of habeas corpus be denied as untimely. (Doc. 19). Petitioner obtained an extension of time to file his objections to the R&R and on June 25, 2018, Petitioner filed his objections. Those objections do not establish the petition was timely. Therefore, the R&R will be adopted.

      As outlined in the R&R, Petitioner's direct appeal concluded in 1991. Petitioner then waited approximately twenty-one years to file his Notice of Post-Conviction Relief with the Maricopa County Superior Court. The state courts concluded that notice was timely but denied relief on the merits. Shortly after the state court proceedings ended, Petitioner filed the present federal petition. Respondents argue the petition is untimely by approximately twenty years. Respondents are correct.

      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations for federal petitions. Because Petitioner was convicted prior to the enactment of AEDPA, he had until April 23, 2007, to file his federal petition.

*Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999). Petitioner did not file his federal petition under May 11, 2017, well outside the permissible period.

Petition filed a document titled "Motion to Reconsideration on: 'Laches' Ruling." That document appears to be objections to the R&R and the Court will treat it as such. According to Petitioner, the state court found his state post-conviction efforts timely and, therefore, his federal petition should be timely as well. (Doc. 22). While it is true the state courts did not reject his petition as timely, that is irrelevant to the inquiry regarding the federal petition. By the time Petitioner filed his state petition in 2012, the federal limitations period had long since expired. And filing the state petition did not restart the federal limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (federal law "does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Thus, the federal petition is untimely by approximately two decades.

Petitioner has not argued he is entitled to equitable tolling but a review of the record establishes that, even if he had made such an argument, he would not be entitled to relief. At the very least, Petitioner was aware of the basis for his present claims as of 2012 when he filed his state petition but he did not pursue federal relief for four more years. In these circumstances, equitable tolling cannot save the petition from untimeliness.

Finally, on July 12, 2018, Petitioner filed a request for another copy of the R&R. According to Petitioner, his copy of the R&R was damaged and he needs another copy so that he can "file the objections" to the R&R. The Court will direct the Clerk to send Petitioner another copy of the R&R but Petitioner already filed objections which the Court has considered. The Court is not required to consider successive and untimely objections.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 19) is **ADOPTED IN FULL.** The amended petition for writ of habeas corpus (Doc. 7) is **DENIED**.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FURTHER ORDERED** the Motion for Reconsideration (Doc. 22) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion for Duplicate Copy (Doc. 24) is **GRANTED**. The Clerk of Court shall send Petitioner a copy of the Report and Recommendation.

Dated this 16th day of August, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge